IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PATRICIA A. BRADLEY,     )   <br>      Plaintiff,     )   <br>                            )   <br> v.                         )   <br>                            )   <br> KILOLO KIJAKAZI, *Acting*  )   <br> *Commissioner of Social Security*, )   <br>      Defendant.          )   | CIVIL ACTION NO. 1:22-00118-N |

## MEMORANDUM OPINION AND ORDER

Plaintiff Patricia A. Bradley brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Defendant Commissioner of Social Security denying her applications for a period of disability and disability insurance benefits (collectively, "DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, and for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.*[1] Upon due consideration of the parties' briefs (Docs. 14, 15) and those portions of the certified transcript of the administrative record (Doc. 11) relevant to the issues raised, and with the benefit of oral argument, the Court finds that the Commissioner's final

---

[1] "Title II of the Social Security Act (Act), 49 Stat. 620, as amended, provides for the payment of insurance benefits to persons who have contributed to the program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1)(D) (1982 ed., Supp. III). Title XVI of the Act provides for the payment of disability benefits to indigent persons under the Supplemental Security Income (SSI) program. § 1382(a)." *Bowen v. Yuckert*, 482 U.S. 137, 140, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987).

decision is due to be **AFFIRMED**.²

## I.    *Procedural Background*

Bradley protectively filed the subject DIB and SSI applications with the Social Security Administration ("SSA") on January 27, 2020. After they were denied initially, and again upon reconsideration, Bradley requested, and on May 4, 2021, received, a hearing before an Administrative Law Judge ("ALJ") with the SSA's Office of Hearings Operations. On May 27, 2021, the ALJ issued an unfavorable decision on Bradley's applications, finding her not disabled under the Social Security Act and therefore not entitled to benefits. (*See* Doc. 11, PageID.61-80).

The Commissioner's decision on Bradley's applications became final when the Appeals Council for the SSA's Office of Appellate Operations denied her request for review of the ALJ's unfavorable decision on January 31, 2022. (*Id.*, PageID.53-57). Bradley subsequently brought this action under §§ 405(g) and 1383(c)(3) for judicial review of the Commissioner's final decision. *See* 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing [for SSI benefits] shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."); 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party,

---

² With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 12, 13).

irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007) ("The settled law of this Circuit is that a court may review, under sentence four of section 405(g), a denial of review by the Appeals Council.").

## II.   *Standards of Review*

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation omitted).

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. *T-Mobile South, LLC* v. *Roswell*, 574 U.S. [293], [301], 135 S. Ct. 808, 815, 190 L. Ed. 2d 679 (2015). Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938) (emphasis deleted). And whatever the meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence … is "more than a mere scintilla." *Ibid.*; see, *e.g.*, [*Richardson v.*] *Perales*, 402 U.S. [389,] 401, 91 S. Ct. 1420[, 28 L. Ed. 2d 842 (1971)] (internal quotation marks omitted). It means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison*, 305 U.S. at 229, 59 S. Ct. 206. See *Dickinson v. Zurko*, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999) (comparing the substantial-evidence standard to the deferential clearly-erroneous standard).

*Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).

In reviewing the Commissioner's factual findings, a court " 'may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].' " *Winschel*, 631 F.3d at 1178 (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))). " 'Even if the evidence preponderates against the [Commissioner]'s factual findings, [the Court] must affirm if the decision reached is supported by substantial evidence.' " *Ingram*, 496 F.3d at 1260 (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

Put another way, "[u]nder the substantial evidence standard, we cannot look at the evidence presented to [an administrative agency] to determine if interpretations of the evidence other than that made by the [agency] are possible. Rather, we review the evidence that was presented to determine if the findings made by the [agency] were unreasonable. To that end, [judicial] inquiry is highly deferential and we consider only whether there is substantial evidence for the findings made by the [agency], *not* whether there is substantial evidence for some *other* finding that could have been, but was not, made. That is, even if the evidence could support multiple conclusions, we must affirm the agency's decision unless there is no reasonable basis for that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1029 (11th Cir. 2004) (en banc) (citations and quotation omitted).[3]

---

[3] *See also Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam) ("The court need not determine whether it would have reached a different result based upon the record" because "[e]ven if we find that the evidence preponderates against the [Commissioner]'s decision, we must affirm if the decision is supported

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons. [A court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence[.]" *Bloodsworth*, 703 F.2d at 1239 (citations and quotation omitted). *See also Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam) ("We are neither to conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us. Rather, our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts.").[4]

---

by substantial evidence."); *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (under the substantial evidence standard, "we do not reverse the [Commissioner] even if this court, sitting as a finder of fact, would have reached a contrary result…"); *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015) ("In light of our deferential review, there is no inconsistency in finding that two successive ALJ decisions are supported by substantial evidence even when those decisions reach opposing conclusions. Faced with the same record, different ALJs could disagree with one another based on their respective credibility determinations and how each weighs the evidence. Both decisions could nonetheless be supported by evidence that reasonable minds would accept as adequate."); *Barron v. Sullivan*, 924 F.2d 227, 230 (11th Cir. 1991) ("Substantial evidence may even exist contrary to the findings of the ALJ, and we may have taken a different view of it as a factfinder. Yet, if there is substantially supportive evidence, the findings cannot be overturned."); *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), *as amended on reh'g* (Aug. 9, 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.").

[4] However, the "burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409, 129 S. Ct. 1696, 173 L. Ed. 2d 532 (2009). *See also Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir. Unit A Sept. 8, 1981) (per curiam) ("It is the claimant who bears the weighty burden of establishing the existence of a disability within the meaning of the Act, and therefore the appellant has the burden of showing that the

Secretary's decision is not supported by substantial evidence in the record." (citation omitted)); *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) (per curiam) (unpublished) ("Under a substantial evidence standard of review, [the claimant] must do more than point to evidence in the record that supports her position; she must show the absence of substantial evidence supporting the ALJ's conclusion."). "[D]istrict court judges are not required to ferret out delectable facts buried in a massive record," *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (28 U.S.C. § 2254 habeas proceedings), and " '[t]here is no burden upon the district court to distill every potential argument that could be made based on the materials before it…' " *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012) (per curiam) (Fed. R. Civ. P. 56 motion for summary judgment) (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc)) (ellipsis added). The Eleventh Circuit Court of Appeals, whose review of Social Security appeals "is the same as that of the district court[,]" *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam), generally deems waived claims of error not fairly raised in the district court. *See Stewart v. Dep't of Health & Human Servs.*, 26 F.3d 115, 115-16 (11th Cir. 1994) ("As a general principle, [the court of appeals] will not address an argument that has not been raised in the district court…Because Stewart did not present any of his assertions in the district court, we decline to consider them on appeal." (applying rule in appeal of judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3)); *Crawford v. Comm'r Of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (per curiam) (same); *Hunter v. Comm'r of Soc. Sec.*, 651 F. App'x 958, 962 (11th Cir. 2016) (per curiam) (unpublished) (same); *Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767, 769 (11th Cir. 2016) (per curiam) (unpublished) ("As a general rule, we do not consider arguments that have not been fairly presented to a respective agency or to the district court. *See Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999) (treating as waived a challenge to the administrative law judge's reliance on the testimony of a vocational expert that was 'not raise[d] . . . before the administrative agency or the district court')."); *In re Pan Am. World Airways, Inc., Maternity Leave Practices & Flight Attendant Weight Program Litig.*, 905 F.2d 1457, 1462 (11th Cir. 1990) ("[I]f a party hopes to preserve a claim, argument, theory, or defense for appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it."); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (applying *In re Pan American World Airways* in Social Security appeal); *Sorter v. Soc. Sec. Admin., Comm'r*, 773 F. App'x 1070, 1073 (11th Cir. 2019) (per curiam) (unpublished) ("Sorter has abandoned on appeal the issue of whether the ALJ adequately considered her testimony regarding the side effects of her pain medication because her initial brief simply mentions the issue without providing any supporting argument. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278–79 (11th Cir. 2009) (explaining that 'simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue')."); *Figuera*

The "substantial evidence" "standard of review applies only to findings of fact. No similar presumption of validity attaches to the [Commissioner]'s conclusions of law, including determination of the proper standards to be applied in reviewing claims." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (quotation omitted). *Accord, e.g., Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982) ("Our standard of review for appeals from the administrative denials of Social Security benefits dictates that '(t)he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ....' 42 U.S.C.A. s 405(g) ... As is plain from the statutory language, this deferential standard of review is applicable only to findings of fact made by the Secretary, and it is well established that no similar presumption of validity attaches to the Secretary's conclusions of

---

*v. Comm'r of Soc. Sec.*, 819 F. App'x 870, 871 n.1 (11th Cir. 2020) (per curiam) (unpublished) ("Figuera also argues the ALJ failed to properly assess her credibility … However, Figuera did not adequately raise this issue in her brief before the district court. She raised the issue only summarily, without any citations to the record or authority. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (noting that a party 'abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority'). As a result, we do not address the sufficiency of the ALJ's credibility finding."); *Turner v. Social Security Administration, Commissioner*, No. 21-13590, 2022 WL 842188, at *2 (11th Cir. Mar. 22, 2022) (per curiam) (unpublished) ("An appellant forfeits an argument by 'mak[ing] only passing references to it or rais[ing] it in a perfunctory manner without supporting arguments and authority.' *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). In her briefing, Turner states that the Appeals Council failed to request her records or obtain a consultative evaluation. But she cites no authorities or makes any other argument tending to establish that it had a duty to do so. She has therefore failed to adequately develop this argument, and it is forfeited."); *Grant v. Soc. Sec. Admin., Comm'r*, No. 21-12927, 2022 WL 3867559, at *2 (11th Cir. Aug. 30, 2022) (per curiam) (unpublished) (appellant forfeited most challenges where "brief consist[ed] largely of block quotations with only passing or conclusory references to how the law and the relevant facts relate").

law, including determination of the proper standards to be applied in reviewing claims." (some quotation marks omitted)). This Court "conduct[s] 'an exacting examination' of these factors." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). " 'The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.' " *Ingram*, 496 F.3d at 1260 (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)). *Accord Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In sum, courts "review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). *See also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) ("In Social Security appeals, we review *de novo* the legal principles upon which the Commissioner's decision is based. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). However, we review the resulting decision only to determine whether it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004)."). Moreover, an ALJ's decision must "state with at least some measure of clarity the grounds for [the] decision." *Owens*, 748 F.2d at 1516; *Winschel*, 631 F.3d at 1179. A court cannot "affirm simply because some rationale might have supported the [Commissioner]' conclusion[,]" as "[s]uch an approach would not advance the ends of reasoned decision making." *Owens*, 748 F.2d at 1516. Rather, "an agency's order must be upheld, if at all, on the

same basis articulated in the order by the agency itself." *Fed. Power Comm'n v. Texaco Inc.,* 417 U.S. 380, 397, 94 S. Ct. 2315, 41 L. Ed. 2d 141 (1974) (quotation omitted). *See also Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council."); *Nance v. Soc. Sec. Admin., Comm'r*, 781 F. App'x 912, 921 (11th Cir. 2019) (per curiam) (unpublished)[5] ("Agency actions … must be upheld on the same bases articulated in the agency's order." (citing *Texaco Inc.,* 417 U.S. at 397, and *Newton*, 209 F.3d at 455)).

Relevant here, eligibility for DIB and SSI requires a showing that the claimant is disabled, 42 U.S.C. §§ 423(a)(1)(E), 1382(a)(1)-(2), meaning that the claimant is unable "to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

> The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant

---

[5] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

>can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Phillips*, 357 F.3d at 1237-39).[6]

"These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore*, 405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985)). "In determining whether the claimant has satisfied this initial burden, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) the diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history." *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983) (per curiam)). "These factors must be considered both singly and in combination. Presence or absence of a single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citations omitted).

If, in Steps One through Four of the five-step evaluation, a claimant proves that he or she has a qualifying disability and cannot do his or her past relevant work, it then becomes the Commissioner's burden, at Step Five, to prove that the claimant is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*,

---

[6] The Court will hereinafter use "Step One," "Step Two," etc. when referencing individual steps of this five-step sequential evaluation.

764 F.2d 834, 836 (11th Cir. 1985). Finally, although the "claimant bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). *See also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) ("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations omitted)). "This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts. In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (citation and quotation omitted).

If a court determines that the Commissioner reached a decision "by focusing upon one aspect of the evidence and ignoring other parts of the record[, i]n such circumstances [the court] cannot properly find that the administrative decision is supported by substantial evidence. It is not enough to discover a piece of evidence which supports that decision, but to disregard other contrary evidence." *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986). Nevertheless, " 'there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision ... is not a broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's]

medical condition as a whole.' " *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam) (quotation and brackets omitted)).

When the ALJ denies benefits and the Appeals Council denies review of that decision, a court "review[s] the ALJ's decision as the Commissioner's final decision[,]" *Doughty*, 245 F.3d at 1278, and the Court "will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998). But "when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram*, 496 F.3d at 1262.

### III.   *Analysis*

Bradley raises no challenge the ALJ's decision. Instead, her sole claim is that the Appeals Council reversibly erred by not remanding her case to the ALJ for further proceedings based on additional evidence Bradley submitted to it when requesting review of the ALJ's unfavorable decision.

" 'With a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process,' including before the Appeals Council." *Washington v. Soc. Sec. Admin., Com'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (per curiam) (quoting *Ingram*, 496 F.3d at 1261). Subject to certain conditions not implicated here, "[t]he Appeals Council will review a case at a party's request or on its own motion if … the Appeals Council receives additional evidence that is new,

material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). *See also Washington*, 806 F.3d at 1320 ("[T]he Appeals Council 'must consider new, material, and chronologically relevant evidence' that the claimant submits." (quoting *Ingram*, 496 F.3d at 1261)). " 'When the Appeals Council refuses to consider new evidence submitted to it and denies review, that decision is ... subject to judicial review....' " *Washington*, 806 F.3d at 1320 (quoting *Keeton*, 21 F.3d at 1066). As the Commissioner notes, "whether evidence meets the new, material, and chronologically relevant standard is a question of law subject to … *de novo* review." *Washington*, 806 F.3d at 1321 (quotation omitted). "[W]hen the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate." *Id.*

Here, the new evidence Bradley submitted to the Appeals Council was a 2-page Mental Residual Functional Capacity Questionnaire filed out by Tim Huie, PhD, LCP, and dated July 15, 2021, about 2 months after the date of the ALJ's unfavorable decision. (Doc. 11, PageID.59-60). The Appeals Council refused to consider it, determining that Dr. Huie's questionnaire did "not show a reasonable probability that it would change the outcome of the [ALJ's] decision." (*Id.*, PageID.54).

Initially, Bradley appears to suggest that the ALJ was required to provide a more detailed rationale for its refusal to consider the new evidence. In support, she

cites the following proposition from an unpublished Eleventh Circuit opinion:

> When a claimant properly presents new evidence, and the Appeals Council denies review, the Appeals Council must show in its written denial that it has adequately evaluated the new evidence. *Epps v. Harris,* 624 F.2d 1267, 1273 (5th Cir. 1980).[7] If the Appeals Council merely "perfunctorily adhere [s]" to the ALJ's decision, the Commissioner's findings are not supported by substantial evidence and we must remand "for a determination of [the claimant's] disability eligibility reached on the total record." *Id.*

*Flowers v. Comm'r of Soc. Sec.*, 441 F. App'x 735, 745 (11th Cir. 2011) (per curiam).

"[U]npublished opinions … 'are not considered binding precedent.' " *McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1060 (11th Cir. 2022) (quoting 11th Cir. R. 36-2). Over three years after *Flowers* was issued, the Eleventh Circuit published *Mitchell*, 771 F.3d 780, which held that "[t]he Appeals Council [i]s not required to provide a detailed rationale for denying review" when it accepts and considers new evidence but then denies review. 771 F.3d at 784. *Accord Washington*, 806 F.3d at 1321 n.5. In reaching this holding, Mitchell expressly rejected the argument that *Epps* and similar former Fifth Circuit authority "require[] the Appeals Council to provide a detailed discussion of a claimant's new evidence when denying a request for review." *Mitchell*, 771 F.3d at 784. In a later

---

[7] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.' " *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

published decision, the Eleventh Circuit applied *Mitchell*'s holding to the Appeals Council's refusal to consider new evidence. *See Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309 (11th Cir. 2018) (per curiam) ("The Appeals Council stated that the new records were 'about a later time' than the ALJ's February 24, 2015 hearing decision and '[t]herefore' the new records did 'not affect the decision about whether [Hargress was] disabled beginning on or before February 24, 2015.' In short, the Appeals Council declined to consider these new medical records because they were not chronologically relevant. The Appeals Council was not required to give a more detailed explanation or to address each piece of new evidence individually." (citing *Mitchell*, 771 F.3d at 784)). Thus, to the extent the unpublished *Flowers* is inconsistent with the published *Mitchell* and *Hargress*, the published decisions control.[8] Therefore, the Appeals Council was not required to provide any additional explanation for its decision. And, applying *de novo* review, the undersigned finds that the Appeals Council correctly refused to consider Dr. Huie's questionnaire because it did not show a reasonable probability that it would change the outcome of the ALJ's decision.

The Social Security regulations define "medical opinion" as "a statement from a medical source about what [a claimant] can still do despite [his or her]

---

[8] The facts of *Flowers* are also distinguishable from the present case. In *Flowers*, the panel concluded that "the Appeals Council did not adequately consider Flowers's new evidence" because, "apart from acknowledging that Flowers had submitted new evidence, the Appeals Council made no further mention of it or attempt to evaluate it." 441 F. App'x at 745. Here, on the other hand, the Appeals Council described Bradley's new evidence and expressly stated its grounds for refusing to consider it.

impairment(s) and whether [he or she] ha[s] one or more impairment-related limitations or restrictions in the following abilities: … (i) [the] ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching); (ii) [the] ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting; (iii) [the] ability to perform other demands of work, such as seeing, hearing, or using other senses; and (iv) [the] ability to adapt to environmental conditions, such as temperature extremes or fumes." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). The Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) …, including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a), 416.920c(a). Instead, "[w]hen a medical source provides one or more medical opinions …, [the Commissioner] will consider those medical opinions … from that medical source together using [the following] factors[,]" *id.*: supportability, consistency, relationship with the claimant, specialization, and "other factors." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). "The most important factors … are supportability … and consistency…" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). *Accord* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(a). "Supportability" means that "[t]he more relevant the objective medical evidence and supporting explanations presented by a

medical source are to support his or her medical opinion(s) …, the more persuasive the medical opinion(s) … will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "Consistency" means that "[t]he more consistent a medical opinion(s) … is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) … will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

As Bradley concedes in her brief, "[t]he limitations assigned by Dr. Huie are greater than that assigned in the Administrative Law Judge's residual functional capacity." (Doc. 14, PageID.847). However, the ALJ had already considered the record evidence available at the time of the unfavorable decision, and determined that it supported less restrictive limitations than what Dr. Huie opined. *See Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1065 (11th Cir. 2021) ("[A]n ALJ's RFC assessment is an administrative finding based on all the relevant evidence, including both medical and nonmedical evidence."). As the Commissioner correctly points out, Dr. Huie did not provide any new objective evidence, or even a factual explanation, to support his opinion, nor did Bradley submit any other new evidence to the Appeals Council to bolster Dr. Huie's opinion. Therefore, because Dr. Huie's bare opinion lacked both "supportability" from, and "consistency" with, the record before the ALJ, there was no reasonable probability that the ALJ would have found

Dr. Huie's opinion persuasive and reached a different conclusion on the issue of Bradley's disability.[9]

No reversible error having been shown, the Court finds that the Commissioner's final decision denying Bradley's applications for benefits is due to be **AFFIRMED**.

### IV.   *Conclusion & Order*

In accordance with the foregoing analysis, it is **ORDERED** that the Commissioner's final decision denying Bradley's January 27, 2020 DIB and SSI applications is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

A final judgment consistent with this opinion and order shall issue separately under Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 31st day of October 2022.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

---

[9] Bradley conclusorily suggests that Dr. Huie's opinion would have provided further support for the medical opinions of the state agency reviewing physicians, which the ALJ found only "partially persuasive." (Doc. 11, PageID.72). However, the ALJ gave partial weight to those opinions because the state agency physicians "did not clearly define some of the[] terms [in their opinions and others are ambiguous, such as 'supportive supervision' and 'may require some flexibility.' " (*Id*.). Bradley fails to explain how Dr. Huie's opinion would have provided greater clarity on any of these terms.